ORAL ARGUMENT NOT YET SCHEDULED
No. 24-5054

# In the United States Court of Appeals
# For the District of Columbia Circuit

———————— �֍ ————————

META PLATFORMS, INC.,
*Plaintiff-Appellant*

v.

THE FEDERAL TRADE COMMISSION

– and –

LINA M. KHAN, REBECCA KELLY SLAUGHTER, and ALVARO BEDOYA,
in their official capacities as Commissioners of the Federal Trade Commission,
*Defendants-Appellees.*

———————— ✖ ————————

**EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL**

———————— ✖ ————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA NO. 1:23-CV-03562-RDM

———————— ✖ ————————

Paul J. Nathanson
DAVIS POLK & WARDWELL LLP
901 15th Street, NW
Washington, DC 20005
Tel: (202) 962-7000
paul.nathanson@davispolk.com

James P. Rouhandeh
Michael Scheinkman
David B. Toscano
John A. Atchley III
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
rouhandeh@davispolk.com
michael.scheinkman@davispolk.com
david.toscano@davispolk.com
john.atchley@davispolk.com

*Counsel for Plaintiff-Appellant Meta Platforms, Inc.*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ........................................................................................2

BACKGROUND ........................................................................................7

      A.      The Proceeding's History and the *Facebook* Action ...........................7

      B.      The OTSC.................................................................................8

      C.      Proceedings Below.................................................................9

ARGUMENT ..............................................................................................9

I.     Legal Standards .................................................................................9

II.    Meta's Appeal Is Likely to Succeed and, at a
Minimum, Will Raise Serious Questions ......................................................10

      A.      Meta Is Likely to Prevail on Its Due Process Claim...........................10

      B.      Meta Is Likely to Prevail on Its
Claim that the FTC Act Violates Article II.......................................16

      C.      Meta Is Likely to Prevail on Its Article I,
Article III and Seventh Amendment Claims.....................................17

            1.      Article I ...................................................................18

            2.      Article III and the Seventh Amendment ..................................19

III.   Meta Will Suffer Irreparable Harm if the
OTSC Proceeding Is Not Enjoined Pending Appeal....................................20

IV.   The Balance of Equities and Public Interest
Strongly Favor an Injunction Pending Appeal .............................................23

CONCLUSION ............................................................................................24

i

# TABLE OF AUTHORITIES

CASES                                                              PAGE(S)

*Ala. Ass'n of Realtors v. Dep't of HHS,*
    141 S. Ct. 2485 (2021) ....................................................................... 23

*In re Al-Nashiri,*
    921 F.3d 224 (D.C. Cir. 2019) ...................................................... 6, 21

*Alpine Sec. Corp. v. FINRA,*
    2023 WL 4703307 (D.C. Cir. July 5, 2023) ........................... 5, 20, 21

*Axon Enter., Inc. v. FTC,*
    986 F.3d 1173 (9th Cir. 2021)
    *rev'd on other grounds,* 598 U.S. 175 (2023) .............................11–12

*Axon Enter., Inc. v. FTC,*
    598 U.S. 175 (2023) ...................................... 5, 11–12, 20, 21, 22

*Chaplaincy of Full Gospel Churches v. England,*
    454 F.3d 290 (D.C. Cir. 2006) ........................................... 5, 20

*Cigar Ass'n of Am. v. FDA,*
    317 F. Supp. 3d 555 (D.D.C. 2018) ............................................... 24

*Cinderella Career & Finishing Schs., Inc. v. FTC,*
    425 F.2d 583 (D.C. Cir. 1970) .......................................................... 2

*Cobell v. Norton,*
    334 F.3d 1128 (D.C. Cir. 2003) ........................................................ 6

*Coinbase, Inc. v. Bielski,*
    599 U.S. 736 (2023) ......................................................................... 6

*Concrete Pipe & Prod. of Cal., Inc. v.*
    *Constr. Laborers Pension Tr. for S. Cal.,*
    508 U.S. 602 (1993) ....................................................................... 16

*Davis v. District of Columbia,*
    158 F.3d 1342 (D.C. Cir. 1998) ...................................................... 23

*Davis v. Pension Benefit Guar. Corp.,*
    571 F.3d 1288 (D.C. Cir. 2009) ...................................................... 10

*Elmo Div. of Drive-X Co. v. Dixon*,
    348 F.2d 342 (D.C. Cir. 1965) ......................................................... 20

*Exec. Benefits Ins. Agency v. Arkison*,
    573 U.S. 25 (2014) ......................................................... 19

*Free Enter. Fund v. PCAOB*,
    561 U.S. 477 (2010) ......................................................... 6, 21

*FTC v. Owens-Corning Fiberglas Corp.*,
    853 F.2d 458 (6th Cir. 1988) ......................................................... 14

*Gordon v. Holder*,
    721 F.3d 638 (D.C. Cir. 2013) ......................................................... 23

*Humphrey's Ex'r v. United States*,
    295 U.S. 602 (1935) ......................................................... 16, 17

*Jarkesy v. SEC*,
    34 F.4th 446 (5th Cir. 2022) ......................................................... 4, 18, 19

*John Doe Co. v. CFPB*,
    849 F.3d 1129 (D.C. Cir. 2017) ......................................................... 22

*In re Justs. of Sup. Ct. of P.R.*,
    695 F.2d 17 (1st Cir. 1982) ......................................................... 2

*Karem v. Trump*,
    960 F.3d 656 (D.C. Cir. 2020) ......................................................... 6, 21

*Marshall v. Jerrico, Inc.*,
    446 U.S. 238 (1980) ......................................................... 13

*McCarthy v. Fuller*,
    714 F.3d 971 (7th Cir. 2013) ......................................................... 21

*NACM-New England, Inc. v. Nat'l Ass'n of Credit Mgmt., Inc.*,
    927 F.3d 1 (1st Cir. 2019) ......................................................... 19

*Nam v. Permanent Mission of the Republic of Kor.*,
    2023 WL 2456646 (S.D.N.Y. Mar. 10, 2023) ......................................................... 6

*N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*,
    458 U.S. 50 (1982) ......................................................... 19

*In re NTE Conn., LLC*,
26 F.4th 980 (D.C. Cir. 2022) ........................................................... 10

*Occupy Columbia v. Haley*,
2013 WL 12380290 (D.S.C. Mar. 18, 2013) ................................. 5–6

*Oil States Energy Servs., LLC, v. Greene's Energy Grp., LLC*,
138 S. Ct. 1365 (2018) ................................................................ 18, 19

*Population Inst. v. McPherson*,
797 F.2d 1062 (D.C. Cir. 1986) ........................................................ 9

*Propert v. District of Columbia*,
948 F.2d 1327 (D.C. Cir. 1991) ...................................................... 16

*Scottsdale Cap. Advisors Corp. v. FINRA*,
2023 WL 3864557 (D.D.C. June 7, 2023) .................................. 6, 22

*Seila Law LLC v. CFPB*,
140 S. Ct. 2183 (2020) ............................................................... 16–17

*Shawnee Tribe v. Mnuchin*,
984 F.3d 94 (D.C. Cir. 2021) .......................................................... 23

*Sherley v. Sebelius*,
644 F.3d 388 (D.C. Cir. 2011) .......................................................... 9

*Space Expl. Techs., Corp. v. Bell*,
2023 WL 8885128 (S.D. Tex. Nov. 8, 2023) .................................. 20

*Tull v. United States*,
481 U.S. 412 (1987) ........................................................................ 19

*United States v. Facebook, Inc.*,
2023 WL 8190858 (D.D.C. Nov. 27, 2023) ...................................... 9

*United States v. ITT Cont'l Baking Co.*,
420 U.S. 223 (1975) ........................................................................ 17

*United States v. J.B. Williams Co., Inc.*,
498 F.2d 414 (2d Cir. 1974) ........................................................... 23

*Whitman v. Am. Trucking Ass'ns*,
531 U.S. 457 (2001) ................................................................. 18, 19

*Wildberger v. Am. Fed'n of Gov't Emps., AFL-CIO*,
   86 F.3d 1188 (D.C. Cir. 1996) ........................................................... 11

*Williams v. Pennsylvania*,
   579 U.S. 1 (2016) ...................................................................... 11, 15

*Withrow v. Larkin*,
   421 U.S. 35 (1975) ................................................................. 3, 9, 15

## STATUTES & RULES

15 U.S.C. § 41 ............................................................................. 16

15 U.S.C. § 45(b) ....................................................................... 8, 18

15 U.S.C. § 45(l) ........................................................................... 18

16 C.F.R. § 3.72(b) .................................................................. 7, 8, 15

## OTHER AUTHORITIES

*In re Intuit Inc.*,
   2024 WL 382358 (F.T.C. Jan. 22, 2024) .................................... 14, 23

Maureen K. Ohlhausen, *Administrative Litigation at the FTC: Effective Tool for*
   *Developing the Law or Rubber Stamp?* 12 J. Comp. L. & Econ. 623 (2016) ... 12

*Report of the ABA Section of Antitrust Law Special*
   *Committee to Study the Role of the FTC*, 58 Antitrust L.J. 43 (1989)............... 12

Plaintiff-Appellant Meta Platforms, Inc. ("Meta") respectfully moves for an injunction pending appeal to preliminarily enjoin a structurally unconstitutional enforcement action by the Federal Trade Commission (the "FTC" or "Commission").  *In re Facebook, Inc.*, FTC File No. C-4365.

On May 3, 2023, the FTC issued an Order to Show Cause ("OTSC") requiring Meta to demonstrate that, among other things, it had not violated an earlier consent decree.  The FTC has since repeatedly extended Meta's deadline to respond to the OTSC.  Meta now seeks to preserve this status quo while this Court considers Meta's appeal from the District Court's March 14, 2024 denial of Meta's motion to preliminarily enjoin the OTSC proceeding.

The District Court declined to grant an injunction pending appeal, but entered an agreed administrative stay through March 22, 2024 at 5:00 p.m. to allow time for Meta to file this motion.  (A741, A747–48.)  Meta respectfully requests that the Court extend the administrative stay while it considers this motion.

# INTRODUCTION[1]

The FTC proceeding illustrates the intolerable risk of bias and the separation of powers violations that arise when the unconstitutionally structured Commission eschews Article III courts and adjudicates before itself.

That unconstitutional risk of bias already has materialized in the FTC proceeding.  In the OTSC, the Commission is acting in its dual role as prosecutor and judge and "has in some measure adjudged the facts as well as the law of [this] particular case in advance of hearing it." *Cinderella Career & Finishing Schs., Inc. v. FTC*, 425 F.2d 583, 591 (D.C. Cir. 1970).  As a prosecutor, the Commission has accused Meta of violating a 2020 consent decree (the "2020 Order") and required Meta to show cause why the 2020 Order should not be modified.  As a judge, the Commission made a "full record" of 1,164 paragraphs of factual findings (A161–323), issued "conclusions" that Meta is in "non-compliance," that such non-compliance constitutes "changed conditions," and (based on the foregoing) that "additional modifications to the [2020] Order are ***needed***" (A131).[2]

---

[1] Unless otherwise indicated, emphasis has been added to quotations, and internal quotations, brackets, citations, and footnotes have been omitted.

[2] Finding facts is adjudicative.  *In re Justs. of Sup. Ct. of P.R.*, 695 F.2d 17, 21 (1st Cir. 1982) (Breyer, J.).  Although the Commission labeled its findings "preliminary" (A161), it relied on them to formally conclude that modification of the 2020 Order is "needed."  Therefore, the findings are preliminary only in the temporal sense that they were made before Meta could be heard.

These findings and conclusions—both factual and legal—constitute unconstitutional prejudgment, including because they are "logical[ly] inconsisten[t]" with any potential for a subsequent ruling that Meta ***did*** comply with the prior orders and that the 2020 Order should ***not*** be modified. *Withrow v. Larkin*, 421 U.S. 35, 57 (1975). In fact, the Commission has described its remaining decision as whether to modify the 2020 Order as set forth in its Proposed Order or by a modified version of that Proposed Order. (A120.) Nowhere does the OTSC contemplate that the Commission might determine that no modifications are needed.

In response to the OTSC, Meta moved the District Court for a preliminary injunction enjoining the proceeding as structurally unconstitutional because: (1) the Commission's dual role as prosecutor and judge violates due process; (2) the Commissioners' insulation against removal by the President violates Article II; (3) Congress's unfettered delegation to the Commission of authority to assign matters to administrative adjudication violates Article I; (4) the Commission's adjudication of private rights violates Article III; and (5) the Commission's adjudication of alleged contract breaches deprives Meta of its Seventh Amendment jury trial right.

On March 14, 2024, the District Court—per Judge Moss—denied Meta's preliminary injunction motion and the Commission's cross-motion to dismiss. Meta subsequently noticed this appeal.

An injunction pending appeal should be granted because each relevant factor tips sharply in Meta's favor.

***First***, Meta likely will succeed on the merits of its appeal, which, at a minimum, will present serious legal questions.  Similar constitutional challenges to agency authority are being litigated nationwide—and repeatedly have been found sufficient to enjoin agency proceedings—demonstrating that Meta's challenges are worthy of adjudication on the merits before Meta is subjected to the Commission's unconstitutional proceeding.  *See*, *e.g.*, *Jarkesy v. SEC*, 34 F.4th 446, 459–63 (5th Cir. 2022), *cert. granted*, 143 S. Ct. 2688 (2023).

Meta likely will show, for example, that the Commission's dual role as prosecutor and judge entails an unacceptable risk of actual bias.  The risk of bias inherent in that conflicted role has materialized throughout the Commission's adjudications for decades (as reflected in a lopsided record of prevailing and a persistent public perception of bias) and in the OTSC proceeding (as shown by the Commission's prejudgment of the law and facts).  In addressing this issue, the District Court failed to consider the Commission's factual and legal "conclusions"

4

set forth in the OTSC itself that evidence its prejudgment—including a formal determination that the remedy of modification is "needed."

**Second**, absent an injunction, Meta will suffer irreparable harm.[3]  This conclusion follows inexorably from the Supreme Court's recent holding that "subjection to [an agency's] unconstitutionally structured decisionmaking process" is a "here-and-now" injury that, once suffered, would be "impossible to remedy." *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191–92 (2023).  This Court recently granted an injunction pending appeal in an action asserting *Axon* claims.  *See Alpine Sec. Corp. v. FINRA*, 2023 WL 4703307 (D.C. Cir. July 5, 2023).  In a concurrence, Judge Walker invoked *Axon*'s holding that "the resolution of claims by an unconstitutionally structured adjudicator is a 'here-and-now injury' that cannot later be remedied" in finding irreparable harm.  *Id.* at *2.  Judge Walker's articulation of irreparable harm applies equally here.

*Axon*'s holding is directly relevant to preliminary injunctions as demonstrated by Justice Kagan's analogy to "established immunity doctrines," under which "certain rights 'not to stand trial' or face other legal process … are 'effectively lost' if review is deferred until after trial."  598 U.S. at 192.  Courts

---

[3] This Court should assume that Meta has shown a likely legal violation, and examine "only whether that violation … inflicts irremediable injury." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 303 (D.C. Cir. 2006).

grant stays pending appeal to avoid the irreparable harm of denying these immunities. *See, e.g.*, *Occupy Columbia v. Haley*, 2013 WL 12380290, at *1, n.2 (D.S.C. Mar. 18, 2013); *Nam v. Permanent Mission of the Republic of Kor.*, 2023 WL 2456646, at *2 (S.D.N.Y. Mar. 10, 2023); *see also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742 (2023) (analogizing to cases requiring automatic stay pending appeal of denial of qualified immunity).

*Axon*'s irreparable "here-and-now-injury" fits hand-in-glove with settled law that "a prospective violation of a constitutional right constitutes irreparable injury," *Karem v. Trump*, 960 F.3d 656, 667 (D.C. Cir. 2020)—and that, in particular, being forced to litigate before a biased adjudicator "is by its nature irreparable." *In re Al-Nashiri*, 921 F.3d 224, 238 (D.C. Cir. 2019) (quoting *Cobell v. Norton*, 334 F.3d 1128, 1139 (D.C. Cir. 2003)).

The District Court nonetheless concluded that Meta is not threatened with irreparable harm, reasoning that only violations of "fundamental constitutional rights" (A711), not separation-of-powers violations, impose irreparable harm that is "grave" enough to support a preliminary injunction. (A714–15.) But the Supreme Court has rejected that distinction. *Free Enter. Fund v. PCAOB*, 561 U.S. 477, 485, 491 n.2 (2010). As Judge Howell concluded, under *Axon*'s "explicit language, the nature of the constitutional claims asserted here"— including separation-of-powers violations—"suffice to show irreparable harm."

*Scottsdale Cap. Advisors Corp. v. FINRA*, 2023 WL 3864557, at *13 (D.D.C. June 7, 2023).

**Third**, the balance of equities and public interest heavily favor an injunction. The public interest favors vindication of constitutional rights, whereas there is no public interest in unlawful agency action. A brief injunction pending appeal will impose no cognizable injury on the FTC, which has shown no urgency in prosecuting the proceeding based on outdated facts known by the Commission years before it brought the OTSC. In any event, the FTC can enforce prior orders in federal court.

## BACKGROUND

### A.    The Proceeding's History and the *Facebook* Action

In 2012, the Commission entered an agreed order (the "2012 Order") settling certain allegations against Meta. (A1.) In 2019, the Department of Justice ("DOJ"), on behalf of the Commission, sued Meta for allegedly violating the 2012 Order. *United States v. Facebook, Inc.*, 19-cv-02184-TJK (D.D.C.) ("*Facebook*"). (A10.)

In 2020, the District Court (per Judge Kelly) entered a consent decree, including an attachment designated as Attachment A (the "Stipulated Order"), which the FTC subsequently entered as an administrative order—the 2020 Order—on its docket. (A67, A97.)

### B.  **The OTSC**

Despite Meta's compliance with the 2020 Order, a three-member Commission issued the OTSC under 16 C.F.R. § 3.72(b) on May 3, 2023.  (A120.)

An OTSC under Section 3.72(b) is unlike an administrative complaint issued when the Commission has "reason to believe" that the FTC Act has been violated. 15 U.S.C. § 45(b).  An OTSC reopening a Commission decision must "stat[e] the changes [the Commission] proposes to make in the decision and the reasons they are deemed necessary."  16 C.F.R. § 3.72(b)(1).  Thus, in contrast to a complaint, an OTSC requires the Commission to determine *at the outset* that proposed modifications to a prior order are "necessary."  *Id.*

Accordingly, the Commission formally stated its "conclusions" in the OTSC, before allowing Meta to be heard.  The Commission's conclusions included that "[Meta's] non-compliance constitutes changed conditions demonstrating that additional modifications to the [2020] Order are *needed*."  (A131.)  The Commission stated that these findings are "support[ed]" by a "full record."  (A120 n.1.)

The OTSC provides that, while Meta may respond, the Commission will "determine whether to make the attached [Proposed Order] final or modify it in any way."  (A120.)  The remaining decision before the Commission—whether to modify the 2020 Order by making the Proposed Order final *or* by making a

modified version of the Proposed Order final—inexorably follows from the fact that the Commission has already concluded that modifications to the 2020 Order are "needed." Nowhere does the OTSC say that one potential outcome of the OTSC proceeding is a finding by the Commission that no modifications are needed.[4]

### C.      **Proceedings Below**

On November 29, 2023, Meta brought this action asserting structural constitutional challenges to the OTSC proceeding and moved to enjoin it. On December 13, 2023, the Commission cross-moved for dismissal. (A552.) On March 14, 2024, the District Court denied both motions. (A740.) Meta noticed an appeal and now moves for an injunction pending appeal.

## ARGUMENT

### I.      **Legal Standards**

An injunction pending appeal is appropriate when the movant will likely succeed on its appeal and will suffer irreparable harm without an injunction, and the equities and public interest favor an injunction. *Population Inst. v. McPherson*,

---

[4] In May 2023, Meta moved in *Facebook* to enforce the Stipulated Order and enjoin the OTSC proceeding because the 2020 Order is part of the Stipulated Order, which the FTC cannot modify. (A431.) Alternatively, Meta argued that the proceeding is structurally unconstitutional. (A451.)

On November 27, 2023, Judge Kelly held that he lacks jurisdiction. *Facebook*, 2023 WL 8190858. Meta appealed without pursuing its constitutional challenges in that appeal. (A374.)

797 F.2d 1062, 1078 (D.C. Cir. 1986). It is also appropriate when the movant has presented a "serious legal question" on the merits, and the other factors weigh in the movant's favor. *Sherley v. Sebelius*, 644 F.3d 388, 398 (D.C. Cir. 2011).

This Court considers these factors *de novo*, *In re NTE Conn., LLC*, 26 F.4th 980, 987–88 (D.C. Cir. 2022), and reviews for abuse of discretion the District Court's weighing of the preliminary injunction factors and its decision to deny relief. This Court reviews *de novo* "[l]egal conclusions—including whether the movant has established irreparable harm." *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009).

## II. Meta's Appeal Is Likely to Succeed and, at a Minimum, Will Raise Serious Questions

The District Court erroneously concluded that Meta is unlikely to succeed on the merits.[5]

### A. Meta Is Likely to Prevail on Its Due Process Claim

It is undisputed that the Commission acts as prosecutor ***and*** judge in adjudicating administrative cases. And while "[t]he combination of investigative and adjudicative functions does not, without more, constitute a due process violation," *Withrow*, 421 U.S. at 58, Meta demonstrated the requisite "more," and thus established a cognizable structural challenge.

---

[5] Its decision did not address whether Meta has raised "serious legal issues," a question generally not presented by a preliminary injunction motion.

Thus, contrary to the District Court's conclusion that Meta's due process arguments "run head-on into controlling Supreme Court precedent" (A725), *Withrow* is no obstacle to Meta's claim because *Withrow* warned that "more" signs of bias can doom an agency's dual role—an admonition that this Court has followed. *See, e.g.*, *Wildberger v. Am. Fed'n of Gov't Emps., AFL-CIO*, 86 F.3d 1188, 1195–96 (D.C. Cir. 1996).

Meta has demonstrated that the Commission's dual role as prosecutor and judge entails "an impermissible risk of actual bias" that violates due process. *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016). Meta need not show ***actual*** bias, only that the facts and circumstances show an unacceptable ***risk*** or ***appearance*** of bias. *Wildberger*, 86 F.3d at 1195–96 (where "evidence casts doubt on the partiality of the [agency], the combination of prosecutorial and adjudicatory functions in a single person" violates due process). Meta has shown not only the requisite risk, but also the materialization of that risk over decades of administrative adjudication ***and*** in the OTSC proceeding.

***First***, the Commission has a long history of upholding its own claims. The District Court's contrary interpretation cannot withstand scrutiny given the contrast between the Commission's overwhelming success in administrative adjudications and its frequent defeats in federal court. (A613.) Indeed, in *Axon*, the Ninth Circuit observed that the Commission's conceded record of "not los[ing] a single

[administrative] case in the past quarter-century" raises "legitimate questions about whether the FTC has stacked the deck in its favor in its administrative proceedings." *Axon Enter., Inc. v. FTC*, 986 F.3d 1173, 1187 (9th Cir. 2021) *rev'd on other grounds*, 598 U.S. 175 (2023). The District Court refused to credit the Commission's concession in *Axon*, and added that "a high win-rate in and of itself does not speak to **a commissioner's** bias." (A727–28.) But this one-sided historical record is, as two Supreme Court justices and the Ninth Circuit have reasoned, probative of the Commission's structural bias. *Axon*, 598 U.S. at 197 n.1 (Thomas, J., concurring) (describing FTC's "tendency to overwhelmingly agree" with its own decisions); *id.* at 215–16 (Gorsuch, J., concurring in judgment) ("[The] FTC combine[s] the functions of investigator, prosecutor, and judge under one roof … The numbers reveal just how tilted this game is.").

**Second**, a public perception that the Commission is not an impartial adjudicator has persisted for decades. A 1989 ABA report noted: "No thoughtful observer is entirely comfortable with the FTC's … combining of prosecutory and adjudicatory functions."[6] In 2016, a former Commissioner reported that "[t]he

---

[6] *Report of the ABA Section of Antitrust Law Special Committee to Study the Role of the FTC*, 58 Antitrust L.J. 43, 119 (1989). This report was written by a bar committee chaired by "a former FTC Chairman" and whose members "included four past and future FTC Chairs." *See* https://web.archive.org/web/20240229035239/https://www.ftc.gov/reports/ftc100-bibliography/1981-1993.

perception is that the FTC decides the case when it authorizes staff to file [an administrative] complaint and hence is not impartial."[7]  This enduring appearance of bias confirms that the Commission's dual role violates Meta's right to due process.  *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980).

The District Court erred when it lumped the appearance of bias together with the existence of bias, and rejected ***both*** by questioning the Commission's historical record of actual bias—including by citing a former Commissioner's article whose title confirms the ***perception of bias*** by questioning whether the Commission is a "Rubber Stamp."  (A727–29.)  But the existence and appearance of bias are separate, and due process demands not only "reality of fairness" but also "the appearance" of fairness.  *Marshall*, 446 U.S. at 242.

***Third***, Meta has demonstrated that the risk of bias inherent in the Commission's dual role has materialized in the proceeding against Meta.  Among the Commission's "Conclusions" set forth in the OTSC is that "[Meta's] non-compliance constitutes changed conditions demonstrating that additional modifications to the Order are needed."  (A131.)  These conclusions expressly

---

[7] Maureen K. Ohlhausen, *Administrative Litigation at the FTC: Effective Tool for Developing the Law or Rubber Stamp?* 12 J. Comp. L. & Econ. 623 (2016), www.ftc.gov/system/files/documents/public_statements/1005443/ohlhausen_-_administrative_litigation_at_the_ftc_effective_tool_for_developing_the_law_or_rubber.pdf at 19.

prejudge whether Meta complied with the agreed orders and whether modifications to the 2020 Order are necessary.  And because the Commission already has determined that modifications to the 2020 Order are "needed," the Commission explicitly described the remaining decision before it solely in terms of whether the 2020 Order will be modified by the Proposed Order or by a modified version of the Proposed Order.  (A120.)  Not modifying the 2020 Order is not among the possible outcomes discussed in the OTSC.

The risk of bias also has materialized in the Commission's conclusion that alleged "non-compliance" with its prior orders is a basis for "***enforcement*** action by the Commission." [8]  (A131; *see also* A562.)  As the Commission recently conceded, however, "FTC orders … are enforceable ***only*** by order of the district court."  *In re Intuit Inc.*, 2024 WL 382358, at *56 (F.T.C. Jan. 22, 2024).  By impermissibly enforcing alleged order non-compliance before itself, the Commission deprives Meta of its due process rights by avoiding the level playing field of federal court.  In court—unlike in an administrative proceeding—the FTC assumes "the position of any other litigant, entitled to be heard, but not deferred to."  *FTC v. Owens-Corning Fiberglas Corp.*, 853 F.2d 458, 462 (6th Cir. 1988).

---

[8] The Commission's conclusion disregards that the 2020 Order is part of a federal consent decree, which it cannot modify.

14

In rejecting Meta's argument that the Commission has prejudged the matter, the District Court failed to consider any evidence of the risk of bias posed by the prejudgment *in the OTSC itself*.  (A725–27.)  Instead, the District Court analogized an order to show cause to an administrative complaint.  (A726–27.)  But the Commission's prejudgment here is fundamentally different from the Commission's issuance of an administrative complaint.  "[T]here is no incompatibility between the agency filing a complaint based on ['reason to believe' the FTC Act has been violated] and a subsequent decision, when all the evidence is in, that there has been no violation of the statute."  *Withrow*, 421 U.S. at 57.  But there is *direct* "incompatibility" and "logical inconsistency" between the Commission's "Conclusions" in the OTSC and a subsequent decision finding, for example, that *no* modification of the 2020 Order is needed.  *Id.*

Unlike the filing of *an administrative complaint*, Section 3.72(b)(1) of the Commission's rules requires the Commission to state in *an order to show cause* "the changes it proposes to make in the decision and the reasons they are deemed necessary."  16 C.F.R. § 3.72(b)(1).  The District Court concluded that when this language is read in context, it does not require prejudgment.  (A726.)  But that is not how the Commission interpreted or applied it in the OTSC—in which the Commission unambiguously concluded that "additional modifications to the Order are needed."  (A131.)  The Commission's application of the regulation shows that,

15

at a minimum, it creates an "unacceptable risk" of prejudgment that violates due process. *Williams*, 579 U.S. at 14; *Withrow*, 421 U.S. at 47.

It is no answer that, if the proceeding is not enjoined, Meta will have an opportunity to be heard by the Commission.  The Commission's prejudgment has deprived Meta of the "neutral and detached judge in the first instance" that due process requires. *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 617 (1993); *see also Propert v. District of Columbia*, 948 F.2d 1327, 1333 (D.C. Cir. 1991) (holding that due process requires "at a minimum, that the affected [person] must have a meaningful opportunity to present his case before a neutral decisionmaker").

### B.    Meta Is Likely to Prevail on Its Claim that the FTC Act Violates Article II

The FTC's exercise of executive authority violates Article II because executive power may be delegated only to executive officers who are subject to the President's "unrestricted" removal power.  *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2192, 2198 (2020).  There is no dispute that the Commission exercises executive power, but the President cannot freely remove a Commissioner.  15 U.S.C. § 41.

The district court erroneously concluded that *Humphrey's Executor v. United States*, 295 U.S. 602 (1935) bars Meta's claim.  (A722–23.)  In *Humphrey's Executor*, the Supreme Court created an "exception[] to the

16

President's unrestricted removal power," because it "viewed the FTC (as it existed in 1935) as exercising 'no part of the executive power.'" *Seila Law*, 140 S. Ct. at 2198 (quoting *Humphrey's Ex'r*, 295 U.S. at 628).  But the Commission's executive powers have ballooned since 1935.

These changed facts take the modern FTC outside *Humphrey's Executor*'s limited exception.  But instead of respecting the limits of that exception, the District Court adopted the result in *Humphrey's Executor* despite fundamentally different facts.  Under the District Court's ruling, the *Humphrey's Executor* exception is no longer limited to agencies that exercise no executive power, but also embraces an agency—the Commission—that exercises robust executive powers.

It is of no moment that, as the District Court observed, "the Supreme Court has repeatedly applied—and declined to overrule—*Humphrey's Executor*." (A722.)  Meta is seeking to apply it here, while the District Court, instead of applying *Humphrey's Executor*, extended it to vastly different facts.

### C.   Meta Is Likely to Prevail on Its Article I, Article III and Seventh Amendment Claims

The Commission concedes it reopened the proceeding because Meta allegedly "failed to [take steps] required under the 2020 order and also violated the 2012 order."  (A562; *see* A131 (alleging "non-compliance" with those orders).)  Meta has contractual rights under those settlements.  *United States v. ITT Cont'l*

17

*Baking Co.*, 420 U.S. 223, 236 (1975).  The primary issue in the proceeding is whether Meta breached those contracts, and the Commission has concluded that the relief will be declaratory and injunctive (i.e., the Commission's declaration of "non-compliance" and modification of the 2020 Order).  (A120.)  These issues belong in federal court.

### 1.   Article I

By assigning this matter to administrative adjudication, the Commission has exercised legislative power.  *Jarkesy*, 34 F.4th at 459–63; *Oil States Energy Servs., LLC, v. Greene's Energy Grp., LLC*, 138 S. Ct. 1365, 1373 (2018).  Because Congress did not accompany that delegation of legislative power with an "intelligible principle" to guide its exercise, the Commission's exercise of the power violates Article I.  *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 472 (2001).

In the OTSC, the Commission asserts that Meta violated its prior orders.  Section 5(l) of the FTC Act authorizes the enforcement of FTC orders in federal court.  The OTSC reflects the Commission's position that it can ***also*** enforce its orders by modifying them under Section 5(b).  (A120 (asserting that order violations are "changed conditions of fact" that warrant modification).)  The Commission claims that it has "the option" of prosecuting an alleged order violation in federal court under Section 5(l) ***or*** before itself under Section 5(b).

18

(A479–80.)  But the FTC Act provides no governing principle—let alone an intelligible principle—to guide the Commission's (claimed) choice between those "options."  That unfettered ability to choose, unguided by the Legislature, violates Article I.  *Whitman*, 531 U.S. at 472.

The District Court did not identify any relevant "intelligible principle." Instead, it erroneously held that the Commission's decision to prosecute the proceeding administratively was an exercise of executive power, no different from any other "decision of how to enforce the law."  (A735–37.)  Not so.  The power to withdraw a matter from the Article III courts and assign it to administrative adjudication is a legislative power.  *Jarkesy*, 34 F.4th at 459–63; *Oil States Energy*, 138 S. Ct. at 1373.

## 2.    Article III and the Seventh Amendment

The Commission is proposing to administratively adjudicate alleged breaches of agreed orders—under which Meta has contract rights—and to impose declaratory and injunctive relief.  The Commission's claims are akin to founding-era common law claims with a jury right.  *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 32 (2014); *Tull v. United States*, 481 U.S. 412, 417 (1987). Therefore, adjudicating those claims administratively would violate Article III and the Seventh Amendment.  *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 90 (1982); *NACM-New England, Inc.* v. *Nat'l Ass'n of Credit Mgmt., Inc.*,

927 F.3d 1, 8 (1st Cir. 2019) ("[B]y entering the declaratory judgment on the breach of contract claim without a jury trial, the District Court violated [the plaintiff's] Seventh Amendment rights.").

The District Court erroneously held that "the analogy to private contract necessarily breaks down because an order is an order, even entered with consent." (A734 n.8.)  But that tautology does not negate what this Court has held to be contractual "enforceable rights" in FTC agreed orders, *Elmo Div. of Drive-X Co. v. Dixon*, 348 F.2d 342, 345 (D.C. Cir. 1965), which the Commission proposes to adjudicate.

### III.    Meta Will Suffer Irreparable Harm if the OTSC Proceeding Is Not Enjoined Pending Appeal

In evaluating irreparable harm, the Court assumes that the challenged conduct "violates the law" and examines "only whether that violation … inflicts irremediable injury." *Chaplaincy*, 454 F.3d at 303.  Absent an injunction, Meta will suffer the "here-and-now" injury of subjection to a proceeding before an unconstitutionally structured administrative agency.  *Axon*, 598 U.S. at 191.

The District Court erroneously rejected *Axon*'s relevance because it did not involve a preliminary injunction.  (A713–14.)  But this Court has issued an injunction pending appeal in an action asserting *Axon* claims.  *See Alpine Securities*, 2023 WL 4703307; *see also Space Expl. Techs., Corp. v. Bell*, 2023 WL 8885128, at *4 (S.D. Tex. Nov. 8, 2023) (per *Axon*, claimant likely to suffer

irreparable harm because "being subjected to unconstitutional agency authority …
is impossible to remedy once the proceeding is over").  And, as noted above, Judge
Walker's *Alpine* concurrence cited *Axon*'s holding that "the resolution of claims by
an unconstitutionally structured adjudicator is a 'here-and-now injury' that cannot
later be remedied" in finding irreparable harm.  *Alpine Securities*, 2023 WL
4703307, at *2.

The District Court also erroneously disregarded *Axon*'s express analogy to
"established immunity doctrines," under which "certain rights 'not to stand trial' or
face other legal process … are 'effectively lost' if review is deferred until after
trial." *Axon*, 598 U.S. at 192.  The erroneous denial of immunity would "wreak
irreparable harm," *McCarthy v. Fuller*, 714 F.3d 971, 975 (7th Cir. 2013), which
courts have held supports stays pending appeal.  *See supra* at 5–6.

The District Court insisted that constitutional injuries must be grave to be
cognizable as irreparable harm, but under settled law "a prospective violation of a
constitutional right constitutes irreparable injury."  *Karem*, 960 F.3d at 667; *see Al-
Nashiri*, 921 F.3d at 238 (holding that being forced to litigate before a biased
adjudicator "is by its nature irreparable").  In concluding that these cases do not
bind it, the District Court distinguished between "separation-of-powers" violations
and deprivations of "fundamental constitutional rights."  (A711–13.)  But the
Supreme Court has rejected the argument that separation-of-powers claims should

21

be treated differently from other constitutional claims.  *See, e.g.*, *Free Enter. Fund*, 561 U.S. at 491 n.2.  In any event, Meta's due process claims invoke "fundamental constitutional rights."  (A711.)

In downplaying the harm from separation-of-powers violations, the District Court relied heavily on this Court's rejection of one movant's argument that its alleged separation of powers injury was *per se* irreparable.  *John Doe Co. v. CFPB*, 849 F.3d 1129, 1135 (D.C. Cir. 2017).  (A711–12.)  But *John Doe* predates *Axon* and is, in any event, inapposite.  *John Doe* did not involve any threatened "subjection to [an agency's] unconstitutionally structured decisionmaking process."  *Axon*, 598 U.S. at 191.  Instead, the movant in *John Doe* had received a civil investigative demand that was enforceable ***only in court***.  Nor can *John Doe*'s irreparable harm holding be shoehorned into an *Axon* case.  That holding—as the District Court emphasized (A711–12)—turned on the ability of "subsequent judicial review [to] fully vindicate the separation-of-powers rights of the [movant]."  (A712 (quoting 849 F.3d at 1135).)  That is the exact opposite of a "here-and-now" *Axon* injury that "is impossible to remedy once the proceeding is over, which is when appellate review kicks in."  598 U.S. at 191.  That is precisely why, as Judge Howell concluded, *Axon*'s "explicit language" dictates that such claims "suffice to show irreparable harm."  *Scottsdale*, 2023 WL 3864557, at *13.

## IV.    The Balance of Equities and Public Interest
## Strongly Favor an Injunction Pending Appeal

The public interest *always* favors the vindication of constitutional

protections, *Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013), and there is a

"presumed availability of federal equitable relief against threatened invasions of

constitutional interests."  *Davis v. District of Columbia*, 158 F.3d 1342, 1346 (D.C.

Cir. 1998).  The District Court erred by concluding that the public interest in

vindicating constitutional protections does not extend to enjoining separation-of-

powers violations.  (A740.)

In contrast, there is "generally no public interest in the perpetuation of

unlawful agency action," *Shawnee Tribe v. Mnuchin*, 984 F.3d 94, 102 (D.C. Cir.

2021), "[e]ven in pursuit of desirable ends."  *Ala. Ass'n of Realtors v. Dep't of*

*HHS*, 141 S. Ct. 2485, 2490 (2021).  That principle takes on particular force here,

where the OTSC rests on Meta's alleged failure to comply with prior agreed

orders, yet the Commission lacks authority "to determine whether [its orders] have

been violated."  *United States v. J.B. Williams Co., Inc.*, 498 F.2d 414, 422 (2d Cir.

1974) (holding that "adjudicat[ing] questions" concerning compliance with FTC

orders is "the enforcement responsibility of the [c]ourts"); *see also Intuit*, 2024

WL 382358, at *56 (holding that "FTC orders … are enforceable *only* by order of

the district court").

The Commission has invoked the public interest in enforcement, but has not shown there is any "immediate public interest" in going forward with the administrative proceeding ***now***. *Cigar Ass'n of Am. v. FDA*, 317 F. Supp. 3d 555, 563 (D.D.C. 2018). Indeed, the OTSC rests on outdated facts—and certainly none that show that Meta currently is in "non-compliance" with any legal requirement. Thus, even if as the District Court speculated, "the FTC's allegations in its OTSC are [eventually] proven correct" (A740), they would not establish any immediate public interest.

Similarly, the OTSC is based on information the FTC received between 2019 and July 2021, and thus otherwise is not probative of any present exigency. If time were of the essence, the FTC would have acted long before May 2023. And the FTC has repeatedly and *sua sponte* extended the OTSC deadline, further belying any urgency. (A403–06.)

## CONCLUSION

Meta respectfully requests that this Court enjoin the FTC's proceeding against Meta pending resolution of this appeal.

24

Dated: March 18, 2024                    Respectfully submitted,

                                         /s/ James P. Rouhandeh
                                         _____

Paul J. Nathanson                        James P. Rouhandeh
DAVIS POLK & WARDWELL LLP                Michael Scheinkman
901 15th Street, NW                      David B. Toscano
Washington, DC 20005                     John A. Atchley III
Tel: (202) 962-7000                      DAVIS POLK & WARDWELL LLP
paul.nathanson@davispolk.com             450 Lexington Avenue
                                         New York, New York 10017
                                         rouhandeh@davispolk.com
                                         michael.scheinkman@davispolk.com
                                         david.toscano@davispolk.com
                                         john.atchley@davispolk.com


                    *Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because this document contains 5,187 words excluding parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and D.C. Circuit Rule 32(e)(1).

This document complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman Font.

Dated: March 18, 2024          */s/ James P. Rouhandeh*

          _____
          James P. Rouhandeh
          DAVIS POLK & WARDWELL LLP
          450 Lexington Avenue
          New York, New York 10017
          rouhandeh@davispolk.com

          *Counsel for Plaintiff-Appellant*

ORAL ARGUMENT NOT YET SCHEDULED

No. 24-5054

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

META PLATFORMS, INC.,

                Plaintiff-Appellant,

    v.

THE FEDERAL TRADE COMMISSION,

– and –

LINA M. KHAN, REBECCA KELLY
SLAUGHTER, and ALVARO BEDOYA,
in their official capacities as
Commissioners
of the Federal Trade Commission,

             Defendants-Appellees.

**CERTIFICATE AS TO PARTIES, RULINGS UNDER REVIEW,
AND RELATED CASES**

Pursuant to D.C. Circuit Rule 28(a)(1), the undersigned counsel certifies as

follows:

**A.    Parties and Amici**

Pursuant to D.C. Circuit Rule 28(a)(1)(A), the parties in this case are

Plaintiff-Appellant Meta Platforms, Inc. ("Meta"), and Defendants-Appellee the

Federal Trade Commission, Lina M. Khan, Rebecca Kelly Slaughter, and Alvaro

Bedoya (together, the "Commission" or "FTC").

**B.    Rulings Under Review**

Pursuant to D.C. Circuit Rule 28(a)(1)(B), the ruling under review is *Meta Platforms, Inc. v. The Federal Trade Commission, et al.*, No. 23-3562 (RDM), Doc. 31, issued by the Honorable Randolph D. Moss on March 14, 2024.  The decision under review is located at A694.

This Court has jurisdiction over Meta's appeal from an interlocutory order refusing an injunction under 28 U.S.C. § 1292(a)(1).

**C.    Related Cases**

Pursuant to D.C. Circuit Rule 28(a)(1)(C), this case has not previously been before this Court.  *United States v. Facebook, Inc.*, No. 23-5280, pending before this Court, involves different parties than the instant action but similarly concerns the Commission's issuance of an order to show cause in the administrative proceeding *In the Matter of Facebook, Inc.*, FTC File No. C-4365.  Counsel for Meta is unaware of any other related cases within the meaning of D.C. Circuit Rule 28(a)(1)(C).

**D.    Corporate Disclosure Statement**

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, Meta is a Delaware corporation with its principal place of business in Menlo Park, California.  No publicly held corporation owns 10% or more of Meta's stock.

Dated: March 18, 2024

/s/ James P. Rouhandeh

_____

James P. Rouhandeh
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
rouhandeh@davispolk.com

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I certify that on March 18, 2024, I filed the foregoing Motion for Injunction Pending Appeal via the appellate CM/ECF system of the United States Court of Appeals for the District of Columbia Circuit. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: March 18, 2024

*/s/ James P. Rouhandeh*

_____

James P. Rouhandeh
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
rouhandeh@davispolk.com

*Counsel for Plaintiff-Appellant*