ORAL ARGUMENT NOT YET SCHEDULED
No. 24-5054

# In the United States Court of Appeals For the District of Columbia Circuit

❋

META PLATFORMS, INC.,
*Plaintiff-Appellant*

v.

THE FEDERAL TRADE COMMISSION

– and –

LINA M. KHAN, REBECCA KELLY SLAUGHTER, and ALVARO BEDOYA, in their official capacities as Commissioners of the Federal Trade Commission,
*Defendants-Appellees.*

❋

**UNOPPOSED MOTION TO HOLD APPEAL IN ABEYANCE**

❋

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA NO. 1:23-CV-03562-RDM

❋

Paul J. Nathanson
DAVIS POLK & WARDWELL LLP
901 15th Street, NW
Washington, DC 20005
Tel: (202) 962-7000
paul.nathanson@davispolk.com

James P. Rouhandeh
Michael Scheinkman
David B. Toscano
John A. Atchley III
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
rouhandeh@davispolk.com
michael.scheinkman@davispolk.com
david.toscano@davispolk.com
john.atchley@davispolk.com

*Counsel for Plaintiff-Appellant Meta Platforms, Inc.*

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and D.C. Circuit Rule 27, Plaintiff-Appellant Meta Platforms, Inc. ("Meta") respectfully moves the Court to hold this appeal, Case No. 24-5054, in abeyance until 21 days after the Supreme Court issues its decision in *SEC v. Jarkesy*, 143 S. Ct. 2688 (2023). (The action below has been stayed pending *Jarkesy* on consent, and by 21 days after the decision the Parties already will have reported to the District Court as to next steps.) The Parties have conferred and the Appellees consent to this motion.

This appeal arises from the District Court's denial of Meta's motion for a preliminary injunction. *See Meta Platforms, Inc. v. FTC*, No. 23-3562, 2024 WL 1121424, at *22 (D.D.C. March 15, 2024). In the same decision, the District Court also denied the FTC's motion to dismiss. *Id.* The District Court denied that motion without prejudice, concluding that "it would be premature to dismiss Meta's claims before the Supreme Court has issued its decision" in *Jarkesy*, as "it is possible that the Supreme Court's decision may have some bearing on this case." *Id.* Indeed, while *Jarkesy* involves a different agency, it concerns many of the same constitutional challenges asserted by Meta here. *See* Petition for Writ of Certiorari, *SEC v. Jarkesy*, 143 S. Ct. 2688 (2023) (No. 22-859), 2023 WL 2478988, at *13 (seeking review of Fifth Circuit decision on non-delegation doctrine, agency removal protections, and jury trial rights).

Consequently, the Parties agreed to—and the District Court entered—a stay of the District Court action pending resolution of *Jarkesy*. (A1.) The Parties are required to file an updated status report on next steps in the District Court action within 14 days after the Supreme Court's decision in *Jarkesy*.

This Court should similarly stay the appeal pending a decision by the Supreme Court. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936); *see also Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 70-71 (D.C. Cir. 2022) ("As a general matter, we may manage our docket as we see fit."). In deciding whether to grant a stay, a court must weigh any competing interests, *Landis*, 299 U.S. at 254-55, and may, in its discretion, grant a stay to promote judicial efficiency, *see Ctr. for Biological Diversity*, 56 F.4th at 70-71.

Here, holding the appeal in abeyance temporarily will accomplish the goal of judicial efficiency in at least two ways.

First, granting Meta's motion will allow the Parties to brief the appeal with the benefit of the Supreme Court's ruling. *See NLRB v. Sw. Regional Council of Carpenters*, 826 F.3d 460, 461 (D.C. Cir. 2016) (describing case held in abeyance pending Supreme Court decision). As the District Court already recognized,

*Jarkesy* touches on many of the same issues relevant here, and it denied the FTC's motion to dismiss because the decision in *Jarkesy* could impact Meta's claims. *Meta*, 2024 WL 1121424, at *22. This Court "[o]ften" issues abeyance orders "in light of other pending proceedings that may affect the outcome of the case" before it, and it should do so here. *Basardh v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008).

Second, within weeks of the *Jarkesy* decision, the Parties must determine next steps in the District Court action, including whether the FTC will renew its motion to dismiss. A second motion to dismiss has the potential to give rise to a second appeal raising similar questions concerning the state of the law and how it applies to Meta's claims, and thus may provide an opportunity for the parties to discuss whether the instant appeal should continue to be held in abeyance pending resolution of that motion. An abeyance to give the Parties time to determine the best course forward will therefore accomplish judicial efficiency. *See Mahaffey v. Bechtel Assocs. Pro. Corp*, 699 F.2d 545, 546-47 (D.C. Cir. 1983) (stay would "conserve court resources").

Lastly, there is no prejudice to the FTC in granting an abeyance. Indeed, the FTC consents to Meta's motion. Accordingly, Meta respectfully requests an order holding the appeal in abeyance pending a joint status report by the parties to be filed no later than 21 days after a decision by the Supreme Court in *Jarkesy*.

Dated: April 29, 2024

Paul J. Nathanson
DAVIS POLK & WARDWELL LLP
901 15th Street, NW
Washington, DC 20005
Tel: (202) 962-7000
paul.nathanson@davispolk.com

Respectfully submitted,

*/s/ James P. Rouhandeh*

_____
James P. Rouhandeh
Michael Scheinkman
David B. Toscano
John A. Atchley III
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
rouhandeh@davispolk.com
michael.scheinkman@davispolk.com
david.toscano@davispolk.com
john.atchley@davispolk.com

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because this document contains 740 words excluding parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and D.C. Circuit Rule 32(e)(1).

This document complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman Font.

Dated: April 29, 2024    */s/ James P. Rouhandeh*

_____
James P. Rouhandeh
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
rouhandeh@davispolk.com

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I certify that on April 29, 2024, I filed the foregoing Motion via the appellate CM/ECF system of the United States Court of Appeals for the District of Columbia Circuit. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: April 29, 2024

*/s/ James P. Rouhandeh*

_____

James P. Rouhandeh
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
rouhandeh@davispolk.com

*Counsel for Plaintiff-Appellant*